# UNITED STATES OF AMERICA
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00140-01 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| KENNETH JAMES FLINT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Indictment by Defendant Kenneth James Flint. [Record Document 20]. The Government has filed an opposition. [Record Document 28]. Because Defendant's prior conviction is properly classified as a Tier I conviction requiring registration as a sex offender for a period of fifteen years, the motion is **GRANTED**.

## I. Background

On August 13, 1991, Defendant pleaded guilty in the Tenth Judicial Circuit Court of Illinois to Aggravated Criminal Sexual Abuse, 720 Ill. Comp. Stat. Ann. 5/11-1.60 (West 2017). [Record Document 20-2]. He was sentenced to four years probation. [Record Document 20-3]. The Sex Offender Registration and Notification Act ("SORNA") requires that a sex offender register in every jurisdiction where he or she resides, is employed, or is a student. 34 U.S.C. § 20913(a) (formerly 42 U.S.C. § 16913(a) (2012)). Sex offenses are classified into tiers. *Id.* § 20911(2)–(4). A Tier III sex offender is one whose predicate offense is "comparable to or more severe than" the federal offenses of Aggravated Sexual Abuse, Sexual Abuse, or Abusive Sexual Contact against a minor under thirteen or whose predicate offense involved child kidnapping. *Id.* § 20911(4). The predicate convictions for Tier II offenders must either be "comparable to or more severe than" the federal

1

offenses of Sex Trafficking, Coercion and Enticement, Transportation with Intent to Engage in Criminal Sexual Activity, or Abusive Sexual Contact, or involve the use of a minor in a sexual performance, solicitation of a minor to practice prostitution, or production or distribution of child pornography. *Id.* § 20911(3). Any other sex offender is a Tier I offender. *Id.* § 20911(2). Tier I sex offenders must register for fifteen years, Tier II offenders for twenty-five years, and Tier III offenders for life. *Id.* § 20915(a). Failure to register or to update a registration is a federal offense. 18 U.S.C.A. § 2250(a) (2017).

The indictment alleges that on unknown dates between June 2016 and November 2, 2016, Defendant knowingly failed to register as a sex offender. [Record Document 1]. Defendant argues that the indictment fails as a matter of law because his Illinois conviction is properly classified as a Tier I conviction rather than a Tier III conviction. [Record Document 20 at 1]. Because more than fifteen years have elapsed since his sentencing, Defendant argues that he did not commit a crime by failing to register. [*Id.*]. The Government maintains that the Illinois offense of Aggravated Criminal Sexual Abuse is a Tier III offense because it is comparable to the federal offense of Abusive Sexual Contact against a minor under thirteen. [Record Document 28 at 5–12]. Thus, the propriety of the indictment turns on the proper classification of Defendant's predicate conviction.

## II. Law and Analysis

Rule 12 of the Federal Rules of Criminal Procedure authorizes a motion to dismiss an indictment. Although a pretrial motion should not be used to resolve factual disputes, "[i]f a question of law is involved, then consideration of the motion is generally proper." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) (quoting *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977)), *abrogated on other grounds by United States v. Garcia*, No. 16-40475, 2017 WL 3978448 (5th Cir.

2

Sept. 8, 2017). Because Defendant attacks the applicability of the crime of indictment based on a purely legal question—the appropriate tier classification of his predicate state offense—the Court may consider his motion to dismiss.

**A. Classifying Offenses by Tier**

To determine into which SORNA tier a particular state conviction falls, the Fifth Circuit has instructed courts to employ the categorical approach. *United States v. Young*, 872 F.3d 742, 746 (5th Cir. 2017). Under this approach, a court must "refer only to the statutory definition of the crime for which the [defendant] was convicted" and not to the specific circumstances underlying the conviction. *United States v. Castillo-Rivera*, 853 F.3d 218, 221–22 (5th Cir. 2017) (en banc) (quoting *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 463 (5th Cir. 2006)), *cert. denied*, No. 17-5054, 2017 WL 2855255 (U.S. Dec. 4, 2017). However, if a state statute is divisible, that is, consists of alternative ways to commit the offense only some of which fall within a particular tier, then a modified categorical approach is appropriate. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The modified categorical approach allows courts to "consult[] the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms" in order to determine which particular statutory provision was used to convict the defendant. *Johnson v. United States*, 559 U.S. 122, 144 (2010) (citing *Chambers v. United States*, 555 U.S. 122, 126 (2009), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015); *Shepard v. United States*, 544 U.S. 13, 26 (2005) (plurality opinion); *Taylor v. United States*, 495 U.S. 575, 602 (1990)).

Once the relevant federal and state statutory provisions have been identified, a court must

3

determine whether the offense of conviction as defined by the state legislature is "comparable to or more severe than" the federal offense. 34 U.S.C. § 20911(3)–(4); *see Young*, 872 F.3d at 745–47. To meet this test under the categorical approach, the elements of a state offense must be such that a conviction for the state offense would necessarily satisfy the elements of the federal offense. *See Descamps*, 133 S. Ct. at 2283 (citing *Taylor*, 495 U.S. at 599); *Castillo-Rivera*, 853 F.3d at 221–22 (noting that the categorical approach inquiry "ask[s] whether th[e] legislatively-defined offense necessarily fits within" the offense as defined by Congress). Although the comparison focuses only on the elements of each offense, for SORNA purposes "it is not necessary that the two crimes be identical," and the state offense may be "slightly broader" than the federal offense. *United States v. Coleman*, 681 F. App'x 413, 416 (5th Cir. 2017) (per curiam) (quoting *United States v. Forster*, 549 F. App'x 757, 769 (10th Cir. 2013)). A defendant challenging the comparability of the two statutes must "show a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *Young*, 872 F.3d at 746 (quoting *Castillo-Rivera*, 853 F.3d at 222). To do so, a defendant must demonstrate that the state courts, either in his own case or in other cases, have applied the state statute to criminalize conduct that would not satisfy the elements of the federal statute. *Castillo-Rivera*, 853 F.3d at 222 (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

**B. Classifying Defendant's Illinois Conviction**

The Illinois offense of Aggravated Criminal Sexual Abuse can be committed in several distinct ways. 720 Ill. Comp. Stat. Ann. 5/11-1.60. Because the statute "sets out one or more elements of the offense in the alternative," *Descamps*, 133 S. Ct. at 2281, the statute is divisible. As

4

one district court has noted when interpreting this statute, "[s]ome of the proscribed conduct may qualify the offender as a Tier III offender . . . but not all of it." *Cary v. United States*, No. 12-CV-1469, 2013 WL 530575, at *4 (C.D. Ill. Feb. 12, 2013). As a result, the Court must employ the modified categorical approach to determine under which statutory provision Defendant was convicted. *See Descamps*, 133 S. Ct. at 2285. To do so, the Court may look to a limited selection of state court documents. *See Johnson*, 559 U.S. at 144. At present, only two state court documents are before the Court: the order accepting the plea agreement and the sentencing order. [Record Documents 20-2 and 20-3]. Although both documents indicate that Defendant pleaded guilty to Aggravated Criminal Sexual Abuse, neither indicate which of the divisible subsections of the statute Defendant actually violated. [*Id.*]. Under these circumstances, the Court lacks sufficient information to apply the modified categorical approach. Because the statute can be violated in ways that do not require a Tier III classification, *Cary*, 2013 WL 530575, at *4, the Court cannot conclude that Defendant is a Tier III offender based on the fact of his prior conviction alone.

However, acceptable state court documents may exist that provide facts sufficient to determine which provision Defendant violated. In fact, the parties appear to agree that Defendant violated section 5/11-1.60(c)(1)(i): "A person commits aggravated criminal sexual abuse if . . . that person is 17 years of age or over and . . . commits an act of sexual conduct with a victim who is under 13 years of age . . . ." [Record Documents 20-1 at 1 and 28 at 11]. Therefore, the Court will proceed with an analysis applying the categorical approach to this subsection. Under Illinois law, "sexual conduct" is "any knowing touching or fondling by the victim or the accused, either directly or through clothing, of . . . any part of the body of a child under 13 years of age . . . for the purpose

5

of sexual gratification or arousal of the victim or the accused." 720 Ill. Comp. Stat. Ann. 5/11-0.1 (West 2017). Therefore, the state crime to which Defendant pleaded guilty had four elements: (1) knowing touching; (2) sexual intent; (3) a victim less than thirteen years old; and (4) an offender at least seventeen years old.

The parties also agree that the comparable federal offense is Abusive Sexual Contact. [Record Documents 20-1 at 3 and 28 at 1–2]. This offense is, in relevant part, "knowingly engag[ing] in or caus[ing] sexual contact with or by another person" where the other person "has not attained the age of 12 years." 18 U.S.C. §§ 2241(c), 2244(a)(5) (2012). Sexual contact is the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(3).[1] Therefore, the elements of the federal offense are: (1) knowingly touching a specifically-identified sexual body part; (2) a sexual or harassing intent; and (3) a victim less than twelve years old.

---

[1] The Government contends that an everyday understanding of what constitutes a "sexual contact" may be used to define the term for purposes of determining the tier into which an offense falls rather than relying upon the definition of "sexual contact" in 18 U.S.C. § 2246. [Record Document 28 at 6]. However, neither of the cases that the Government cites in support interpreted the precise question at issue here—whether the definition of "sexual contact" in 18 U.S.C. § 2246(3) must be used to determine the meaning of "abusive sexual contact" in 34 U.S.C. § 20911(4)(A)(ii). In fact, both cases interpreted statutory language that, unlike the language in this SORNA provision, does not reference a specific federal criminal statute. *See Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569–70 (2017) (interpreting the phrase "sexual abuse of a minor" when used without reference to any particular criminal statute); *United States v. Sinerius*, 504 F.3d 737, 742–43 (9th Cir. 2007) (interpreting the phrase "sexual abuse" when used without reference to any particular criminal statute). Moreover, the Government's suggestion ignores the Fifth Circuit's methodology in *Young* in which the court determined whether a Mississippi statute was comparable to the federal offense of Abusive Sexual Contact by reference to the "sexual contact" definition in 18 U.S.C. § 2246(3). *See* 872 F. 3d at 746.

As an initial matter, the federal offense includes a wider variety of *mentes reae* than does the Illinois statute. *Compare* 18 U.S.C. § 2246(3) ("intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person") *with* 720 Ill. Comp. Stat. Ann. 5/11-0.1 ("for the purpose of sexual gratification or arousal of the victim or the accused"). However, when a state statute is drawn more narrowly than the generic federal offense, the state statute is necessarily comparable. *Descamps*, 133 S. Ct. at 2283 (citing *Taylor*, 495 U.S. at 599). Therefore, the fact that a non-sexual but abusive intent would support a conviction for Abusive Sexual Contact does not render the two statutes non-comparable because any conviction for Aggravated Criminal Sexual Abuse necessarily satisfies the more inclusive intent requirement of the federal statute. For the same reasons, the fact that an offender must be at least seventeen years old to commit Aggravated Criminal Sexual Abuse, while the federal statute imposes no minimum age for the offender, does not prevent a finding of comparability.

Second, the Illinois statute appears to sweep more broadly than the federal statute because the Illinois statute protects minors under thirteen, while the federal statute protects minors under twelve. There is some debate among the circuits whether a small difference in the age range of the victim between the state and federal statutes is fatal to a finding that the state statute is comparable to or more severe than the federal offense. *Compare United States v. Forster*, 549 F. App'x 757, 769 (10th Cir. 2013) (suggesting that the requirement of comparability may be expansive enough to allow a statute protecting minors under thirteen to be comparable to one protecting minors under twelve) *with United States v. Morales*, 801 F.3d 1, 9 (1st Cir. 2015) (holding that a two-year difference in the upper age limit of the protected age groups rendered the state statute not

7

comparable to the federal statute). However, SORNA itself obviates this distinction by indicating that Tier III applies to abusive sexual contact "against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4)(A)(ii). As a result, for SORNA purposes the age provisions in the Illinois statute (which criminalizes sexual contact with minors under thirteen) and the federal statute (which, for SORNA purposes, also applies to sexual contact with minors under thirteen) are comparable. *See Forster*, 549 F. App'x at 769.[2]

Third, the Illinois offense criminalizes all touching of a minor under thirteen with sexual intent whereas the federal statute only criminalizes intentional touching of one or more specific body parts. *Compare* 720 Ill. Comp. Stat. Ann. 5/11-0.1 ("any part of the body") *with* 18 U.S.C. § 2246(3) ("the genitalia, anus, groin, breast, inner thigh, or buttocks"). To prevail on his argument that this renders the Illinois statute too broad to be comparable to the federal statute, Defendant must show that an Illinois court would apply the statute to the touching of body parts other than those listed in the federal statute. *See Young*, 872 F.3d at 746–47 (citing *Castillo-Rivera*, 853 F.3d at 222). Under Illinois law, "[e]vidence that defendant touched <u>any</u> part of . . . [the victim's] body for purposes of his sexual gratification or arousal would have been sufficient to support his conviction." *People v. Priola*, 561 N.E.2d 82, 90 (Ill. App. Ct. 1990) (emphasis added) (citing

---

[2] It is also possible that the categorical approach does not apply to the question of the victim's age. The alternative approach, the circumstances-specific approach, examines whether the criminal conduct that formed the basis of the predicate conviction would allow conviction under the generic federal statute. *See United States v. White*, 782 F.3d 1118, 1131 (10th Cir. 2015). The Fifth Circuit has yet to determine whether the categorical approach or the circumstances-specific approach applies to the question of the victim's age. *Young*, 872 F.3d at 747–48. As the victim in Defendant's predicate conviction was five years old, [Record Document 28 at 2], under the circumstances-specific approach, Defendant's conduct would render the element of the state offense relating to the victim's age comparable to the parallel element of the federal crime of Abusive Sexual Contact.

8

*People v. Thingvold*, 384 N.E.2d 489 (Ill. App. Ct. 1978)).[3] Thus, Illinois courts have upheld a conviction for Aggravated Criminal Sexual Abuse where a defendant touched a child's leg and kissed her, *People v. Laremont*, 528 N.E.2d 249, 251 (Ill. App. Ct. 1988), as well as when a defendant placed his arms around a child and kissed her with his tongue, *People v. Calusinski*, 733 N.E.2d 420, 425 (Ill. App. Ct. 2000). The fact of convictions where a defendant did not touch any of the body parts listed in the federal statute conclusively demonstrates that Illinois courts do, on occasion, apply the statute to touching that would not be criminalized under the federal statute.

The Government correctly notes that Illinois courts typically require evidence of more than mere touching of non-sexual body parts before convicting a defendant of Aggravated Criminal Sexual Abuse, [Record Document 28 at 8], but the Government misconstrues the import of these additional facts. Rather than evidence of "touching," these facts are evidence of a defendant's intent. *See People v. Ostrowski*, 914 N.E.2d 558, 567 (Ill. App. Ct. 2009) (citing *People v. Kolton*, 806 N.E.2d 1175 (Ill. App. Ct. 2004)) ("Intent to arouse or satisfy sexual desires may be established by circumstantial evidence, which the trier of fact may consider by inferring defendant's intent from his conduct."). For instance, in *People v. Calusinski*, the victim testified that the defendant "placed his hands on her, kissed her, and put his tongue in her mouth." 733 N.E.2d at 425. No evidence was presented that the defendant touched any of the body parts delineated in the federal statute. Therefore, the degree of contact necessary to satisfy the "touching" element of the Illinois statute

---

[3] Although the Government correctly notes that the defendant in *Priola* did touch the victim's vaginal area, [Record Document 28 at 7–8], the operative rule of law in *Priola* is that proof that the defendant touched a sexual body part is not necessary to establish a violation because, for a victim under thirteen, any touching of the victim's body for purposes of sexual gratification is sufficient. *Priola*, 561 N.E.2d at 90. The court made this point when rejecting the defendant's argument that the evidence was insufficient to show that he touched the victim's vaginal area. *Id.*

9

was provided in *Calusinski* by a form of contact that would not satisfy the parallel element of the federal statute. The *Calusinski* court's discussion of whether and what sort of kissing was necessary to trigger the statute was directed towards establishing whether evidence of the touching that did occur indicated that its purpose was sexual arousal or gratification. *Id.* at 425–26. ("Based on the circumstances, we believe that the trial court could reasonably infer that the defendant intentionally placed his tongue in the victim's mouth for purposes of his own sexual arousal.").

Similarly, in *People v. Laremont*, the defendant "slid his hand up [the victim's] leg and kissed her with his tongue in her mouth;" he then kissed her two more times. 528 N.E.2d at 250. Some months later, the defendant touched the victim's buttocks, bit her ear, tried to lay on top of her, and touched her stomach with his penis. *Id.* The defendant was charged with two counts of Aggravated Criminal Sexual Assault, one for each incident. *Id.* at 251. The Court affirmed the defendant's conviction on the first count. *Id.* By noting the legislative choice to "declare [that] the intentional touching of a child under 13 years of age by a person age 17 or over for the purpose of sexual gratification or arousal constitutes felonious conduct," the court effectively held that touching a leg while kissing is "sexual conduct" within the meaning of the statute when the victim is under thirteen. *Id.* at 251–52. The additional conduct established a second count of the offense and was not used by the Illinois court to establish the elements of the first count. *Id.* at 250.

The Government also relies heavily upon *People v. Ostrowski* for the proposition that kissing alone does not violate the Illinois statute and that "other factors such as 'tongue-kissing, fondling, groping, or rubbing' done for purposes of sexual gratification or arousal are required." [Record Document 28 at 8]. However, "[t]he question on appeal [in *Ostrowksi* was] whether the

10

State met its burden of proving that defendant kissed [the victim] <u>for the purpose of sexual gratification or arousal</u>." *Ostrowski*, 914 N.E.2d at 566 (emphasis added). Thus, the additional factors that the Government insists must be present are factors that the Illinois court believed allowed an inference of sexual intent. *See id.* at 568–69. In *Ostrowksi*, it was the absence of these factors and the presence of others such as a public place, numerous witnesses, and a victim who always kissed relatives on the lips that prevented a finding of sexual intent from evidence of mere kissing. *Id.* at 571. As discussed above, the intent element in the Illinois statute is more narrowly drawn than the parallel element in the federal statute; hence, this element satisfies the categorical test by virtue of the statutory language. In consequence, facts that serve to prove intent are irrelevant to a determination of whether a different element of the statute (i.e., "touching") has been satisfied. Because *Calusinski* and *Laremont* reveal that Illinois courts have found that kissing while touching a non-sexual body part satisfies the "touching" element of Aggravated Criminal Sexual Abuse, the Court concludes that the Illinois statute is applied by the state courts to circumstances that exceed those criminalized in the federal offense of Abusive Sexual Contact.

This Court's determination that the Illinois statute is applied more broadly than the federal statute does not end the inquiry because the Fifth Circuit has made it clear that a state statute may be "slightly broader" than the federal statute and yet be comparable. *Coleman*, 681 F. App'x at 416 (quoting *Forster*, 549 F. App'x at 769). In *Coleman*, the Court of Appeals concluded that a Minnesota statute is "comparable to or more severe than" the federal crime of Abusive Sexual Contact "even if the Minnesota statute has been applied to a slightly broader range of conduct." *Id.* at 418. Although this statement might imply that the Fifth Circuit has directed district courts to find

11

a state statute comparable to a federal statute where the state statute has been applied to factual circumstances that are close to but still outside the ambit of the federal statute, the actual analysis in *Coleman* does not extend so far. The Minnesota courts had applied the statute at issue to burning or lacerating a child's penis in the absence of sexual intent. *Id.* at 417 (citing *State v. Ahmed*, 782 N.W.2d 253, 257 (Minn. Ct. App. 2010); *State v. Chandler*, No. A12-2142, 2013 WL 5612549, at *1 (Minn. Ct. App. Oct. 15, 2013)). However, the Fifth Circuit held that "the intent to 'abuse' in 18 U.S.C. § 2246(3) is analogous to the aggressive intent required by the Minnesota statute." *Id.* Although the court noted that there were no "case[s] in which an individual was punished under the federal statute for non-sexual conduct," *id.*, the court did not fully reach the question before this Court—whether state court application of a state statute to facts that exceed the <u>language</u> of the relevant federal statute prevents a finding of comparability.

In the one occasion in which it has interpreted *Coleman*, the Fifth Circuit determined that a Mississippi statute criminalizing contact with any body part of a child under sixteen when an offender possesses an intent to seek sexual gratification is comparable to the federal offense of Abusive Sexual Contact. *Young*, 872 F.3d at 746.[4] The court held that the mere possibility that a state statute would be applied to body parts outside of the list in the federal statute was insufficient to defeat comparability because the defendant had located no Mississippi case applying the statute to the touching of body parts other than those listed in the federal statute. *Id.* In the present case, however, Illinois courts have applied the state statute to touching that would not expose a person

---

[4] The Fifth Circuit declined to address whether the fact that the Mississippi statute included children under sixteen while the federal statute protected children under twelve destroyed comparability because the defendant had waived this argument in the district court. *Young*, 872 F.3d at 747–48.

12

to criminal liability under the federal statute. *Calusinski*, 733 N.E.2d at 425; *Laremont*, 528 N.E.2d at 251. Therefore, while *Coleman* and *Young* clearly direct this Court to apply the categorical approach, neither case directly addresses whether the Fifth Circuit's embrace of a standard that allows for "some flexibility" or that allows a state statute to be "slightly broader" applies not only to the statutory text but also to its application by state courts. *Coleman*, 681 F. App'x at 416–17 (first quoting *Forster*, 549 F. App'x at 769; then quoting *Morales*, 801 F.3d at 7–8).

The "central feature" of the categorical approach is "a focus on the elements, rather than the facts, of a crime;" its "basic method" is to "compar[e] those elements with the generic offense's." *Descamps*, 133 S. Ct. at 2285. Therefore, when comparing the elements of a state statute whose language is "slightly broader" than the federal statute, a court can only find the statutes "comparable" for SORNA purposes if the state court refrains from applying the statute in a way that is "inconsistent with the . . . federal statute." *Young*, 872 F.3d at 746. By applying slightly broader statutory language consistently with narrower language in the federal statute, courts give the state statute the "same elements" as the federal statute. *See Descamps*, 133 S. Ct. at 2283. From this, it follows that if state court interpretations of the state statute are inconsistent with the federal statute, then the two statutes do not have the "same elements." Therefore, this Court concludes that the Fifth Circuit intends to allow a finding of comparability where the language of a state statute, but not the interpretation of that statute, is "slightly broader" than the language of the federal statute. *See Young*, 872 F.3d at 747. Because Defendant has provided cases that demonstrate that the elements of Aggravated Criminal Sexual Abuse, as explicated by the Illinois courts, may be satisfied by facts that do not satisfy the elements of the federal offense of Abusive Sexual Contact, the Illinois statute

is not "comparable to or more severe than" the federal statute. As a result, Defendant's Illinois conviction does not render him a Tier III offender.

Defendant is also not a Tier II offender. Given his state charge, Defendant can be a Tier II offender only if the state charge were comparable to or more severe than Abusive Sexual Contact committed against a victim of any age. *See* 34 U.S.C. § 20911(3)(A)(iv). As discussed above, the range of conduct criminalized by the Illinois offense of Aggravated Criminal Sexual Abuse is broader than that forbidden by the federal offense of Abusive Sexual Contact. Hence, Defendant is not a Tier II offender. Because, a sex offense that is neither a Tier II nor a Tier III offense is merely a Tier I offense, *id.* § 20911(2), Defendant is a Tier I offender.

A Tier I offender need only register for 15 years. *Id.* § 20915(a)(1). For offenders who are not sentenced to imprisonment, the requirement to register commences three business days following the imposition of sentence. *Id.* § 20913(b)(1). Defendant's sentence of probation was imposed on October 18, 1991. [Record Document 20-3 at 1]. Therefore, Defendant was no longer required to register as a sex offender after October 23, 2006.[5] Because the indictment alleges a failure to register between June and November 2016, [Record Document 1 at 1], the indictment does not allege a federal offense.

## IV. Conclusion

Under the categorical approach, Defendant's conviction for Aggravated Criminal Sexual Abuse is not "comparable to or more severe than" Abusive Sexual Contact. As a result, Defendant is neither a Tier II nor a Tier III offender and instead is merely a Tier I offender. Because a Tier I

---

[5] October 18, 1991 was a Friday; therefore, Defendant's registration obligations would not have commenced until October 24, 1991.

offender would not be required to register at the time that the indictment alleges that Defendant failed to do so, the motion to dismiss the indictment [Record Document 28] is **GRANTED**. The indictment is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 18th day of January, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE